11-3614-cr
*United States v. Francis*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand fourteen.

PRESENT: RALPH K. WINTER,
RICHARD C. WESLEY,
SUSAN L. CARNEY,
*Circuit Judges*,

_____

UNITED STATES OF AMERICA,

*Appellee*,

-v.-                                           No. 11-3614-cr

KENNETH FRANCIS,

*Defendant-Appellant*,

JHAMEL SEAN FRANCIS, CLAUDIA FRANCIS, EBONY DENNIS, DOMINIK RAWLE, LENNIE A. NURSE,

                    *Defendants*.

_____

FOR APPELLANT:        MICHAEL C. BARROWS, Law Offices of Michael C.
                      Barrows, New York, NY.

FOR APPELLEE:         EUN YOUNG CHOI (Sarah E. McCallum, *on the brief*),
                      *for* Preet Bharara, United States Attorney for the
                      Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Holwell, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

In this portion of a tandem appeal, Kenneth Francis appeals from an amended judgment of conviction entered in the United States District Court for the Southern District of New York (Holwell, *J.*) on September 6, 2011. For the following reasons, we affirm.

On December 15, 2008, Francis plead guilty to one count of access device fraud in violation of 18 U.S.C. § 1029(a)(5) and one count of conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2). Francis's conviction on these counts, which constituted aggravated felonies because the crimes resulted

in losses of more than $10,000, *see* 8 U.S.C. § 1101(a)(43)(M)(i), triggered mandatory deportation under 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1228. On appeal, Francis claims that the amended judgment of conviction should be vacated because the district court failed to inform him of the immigration consequences of his plea in violation of Federal Rule of Criminal Procedure 11.

But even if this were error we would not reverse. Contrary to Francis's claim, Rule 11 violations are trial errors reviewed for harmlessness or plain error; they are not structural errors triggering automatic reversal. *See United States v. Davila*, 133 S. Ct. 2139, 2149 (2013); *United States v. Vonn*, 535 U.S. 55 (2002). Francis cannot show that the error affected a substantial right; Francis admittedly learned about the immigration consequences of his plea when he personally received a Notice to Appear for removal proceedings from the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), yet failed to attempt to withdraw his plea during, or prior to, his July 6, 2011 sentencing hearing. "Where a defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw his plea based on that violation, there can be no reasonable probability that, but for the Rule 11 violation, he would not have entered the

plea, and the plain error standard is not met." *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005) (internal quotation marks omitted).

We have considered Francis's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk